UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA HOSPITAL ASSOCIATION,

        Plaintiff,

    v.

DAVID MAXWELL-JOLLY, Director of the California Department of Health Care Services, CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES,

        Defendants.
_____/

NO. CIV. S-10-3465 FCD/EFB

O R D E R

    This case concerns the pending implementation of a rate freeze on Medi-Cal payments to hospitals for inpatient services by the California Department of Health Care Services ("Department"). The freeze is scheduled to begin on January 31, 2011. Plaintiff California Hospital Association ("CHA" or "plaintiff") "is a trade association representing the interests of California hospitals." Mem. Supp. Mot. Prelim. Inj. at 1, Doc. No. 14-1 (January 27, 2011). Plaintiff seeks an injunction invalidating and halting the

1

implementation of the rate freeze. It now moves for a temporary restraining order enjoining the Department from implementing the rate freeze. For the reasons discussed below, plaintiff's motion is granted.

## I. STANDARD

Fed. R. Civ. P. 65 provides authority to issue either preliminary injunctions or temporary restraining orders. Ordinarily, a plaintiff seeking a preliminary injunction must demonstrate that it is "[1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 374 (2008)). The requirements for a temporary restraining order are largely the same. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 (9th Cir. 2001); see also Wright and Miller, 11A Fed. Prac. & Proc. Civ. § 2951 (2d ed.).

## II. ANALYSIS

### A. Likelihood of Success on the Merits

Plaintiff contends that the rate freeze is unlawful for the following reasons:

    (1) it impairs the State's contractual obligations by retroactively reducing payments and by nullifying rate increases in binding contracts between the Department and hospitals,
    (2) it is being implemented without required federal approvals, [and]
    (3) it violates the federal Medicaid Act in that the

2

> State has not complied with mandatory notice and comment procedures for revising rates, and has not prior to implementation demonstrated that the reduced rates would be consistent with efficiency, economy, quality of care, and patient access but has adopted the freeze solely for budgetary reasons.

Mem. Supp. Mot. Prelim. Inj. at 1. In order to issue a temporary restraining order, the court need only determine that plaintiff has demonstrated a likelihood of success on one claim that would entitle it to a permanent injunction enjoining implementation of the rate freeze. In a related case, the district court[1] considered whether *inter alia* California Welfare & Institutions Code § 14131.10, "which ended coverage of certain Medicaid benefits to the extent they are 'optional' under federal law. . . . violated federal law because [the Department] has not received federal approval of its proposed changes to the State Plain reflected in § 14131.10." Cal. Ass'n Rural Health Clinics v. Maxwell-Jolly, No. 2:10-cv-00759-FCD-EFB, 2010 WL 4069467, at *1-2 (E.D. Cal. Oct. 20, 2010). As to this claim, the court found that "federal law does require prior federal approval of changes to the State Plan at issue here, and thus, plaintiffs are entitled to a declaration finding as such as well as an injunction precluding further enforcement of § 14131.10 with respect to the subject benefits until the State's plan amendment is approved." Id. at *2. Here,

---

[1] On January 25, 2011, Judge Damrell issued a related case order relating this case to a prior case, Cal. Ass'n Rural Health Clinics v. Maxwell-Jolly, No. 2:10-cv-00759-FCD-EFB. This court is resolving the motion for a temporary restraining order because Judge Damrell is unable to do so before January 31, 2011.

3

plaintiff similarly has presented evidence that the rate freeze is about to be implemented without federal approval of the change. Thus, plaintiff has demonstrated a likelihood of success on the merits of his claim that would entitle it to a injunction enjoining implementation of the rate freeze.

### B.   Irreparable Injury

Ordinarily, this sort of financial injury could be remedied by money damages and, thus, would not constitute irreparable harm. However, here "the monetary injury is irreparable because the Eleventh Amendment sovereign immunity of the Department (a branch of the State of California government) bars [hospitals] from ever recovering damages in federal court." <u>Cal. Pharm. Ass'n v. Maxwell-Jolly</u>, 563 F.3d 847, 851-52 (9th Cir. 2009). Thus, plaintiff has demonstrated an irreparable injury.

### C.   Balance of the Hardships

While the court recognizes the severity of the financial crisis faced by the State of California, such a condition does not tip the balance of the hardships in favor of the Department. The hospitals represented by CHA will face significant financial loss, which may affect the quality of care provided to Medi-Cal patients. Thus, the balance of the hardships does not tip sharply in favor of the Department.

### D.   Public Interest

Furthermore, the public interest favors enforcement of federal laws and, thus, the public interest does not tip in favor of the Department.

**E.   Bond**

The court finds that plaintiff need not post bond for this two-week temporary restraining order because any excessive funds paid to the hospitals are recoverable by the Department.

## II. CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

(1) Plaintiffs' motion for a temporary restraining order, Doc. No. 14, is GRANTED. The Department is temporarily enjoined from implementing Section 14105.281 to the California Welfare and Institutions Code. This temporary injunction SHALL EXPIRE on February 11, 2011.

(2) Plaintiff's ex parte motion to exceed normally applicable page limits, Doc. No. 13, is GRANTED.

(3) Plaintiff's request to seal documents in support of the motion for a temporary restraining order is TENTATIVELY GRANTED. The decision on whether to permanently seal the documents will be made by the District Court Judge assigned to this matter.

(4) Any further proceedings concerning whether to issue a preliminary injunction will be determined by the District Court Judge assigned to this case.

IT IS SO ORDERED.

DATED: January 28, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT