UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA HOSPITAL
ASSOCIATION,

          Plaintiff,

    v.

DAVID MAXWELL-JOLLY, Director
of the California Department
of Health Care Services,
CALIFORNIA DEPARTMENT OF
HEALTH CARE SERVICES,

          Defendants.
_____/

NO. CIV. S-10-3465 FCD/EFB

O R D E R

On January 28, 2011, this court entered a temporary restraining order enjoining the California Department of Health Care Services ("Department") from implementing Section 14105.281 to the California Welfare and Institutions Code, a rate freeze on Medi-Cal payments to hospitals for inpatient services. This court entered the temporary restraining order because Judge Damrell, to whom this case is assigned, was unavailable. On February 1, 2011, Judge Damrell issued a minute order extending the temporary

1

1  restraining order to February 25, 2011, at which time he will hear
2  the matter as a preliminary injunction.
3      On February 2, 2011, the Department filed a request for
4  clarification of this court's temporary restraining order.
5  Specifically, the Department is concerned that "ceasing of further
6  action [to implement the rate freeze] may not be enough to bring
7  it into compliance" with the temporary restraining order. Request
8  for Clarification, Doc. No. 21, at 3. It represents that it had
9  already begun to modify certain hospital billing codes prior to the
10 scheduled, and restrained, rate freeze. Id. As such, the Department
11 is unsure whether the temporary restraining order requires that it
12 alter those billing codes, prior to a ruling on the preliminary
13 injunction, to reflect pre-rate freeze codes. Id. at 3-4. It
14 estimates that to do so would take the Department two weeks. Id.
15 at 5.
16     The Department acknowledges that the temporary restraining
17 order clearly set forth plaintiff's members "right to be reimbursed
18 at the unfrozen reiumbursement rate for dates of service on or
19 after January 28, 2011." Id. at 4. It explained that it has a
20 "system through . . . which [it] can reimburse the hospitals" at
21 the pre-rate freeze rates even if it does not immediately adjust
22 the billing codes. Id. at 6.
23     On February 3, 2011, plaintiff filed an opposition to the
24 Department's request. Plaintiff largely opposes the request on the
25 grounds that it is very likely to succeed on the merits of its
26 claim and that the Department has presented no evidence to the

2

1  contrary. Accordingly, it argues, there is no reason to prevent the
2  Department from affirmatively updating the rates now.

3  Ultimately, plaintiff has misconstrued the purpose of
4  temporary restraining orders. The order was entered by this court
5  to prevent an irreparable injury that would occur before Judge
6  Damrell could decide whether a preliminary injunction is warranted
7  here and, if so, the scope of such a preliminary injunction. This
8  court found that the monetary loss plaintiff's members would face
9  if the rate freeze is found to be unlawful constituted an
10 irreparable injury. The Department admits that plaintiff's members
11 will not suffer such a loss even if it does not immediately alter
12 its billing codes. Thus, the Department's requested clarification
13 is proper in that it draws temporary relief as narrow as possible
14 to prevent the irreparable injury.[1]

15 For the foregoing reasons, the court ORDERS as follows:
16 (1)  Defendant's request for clarification of the temporary
17      restraining order (Doc. No. 21) is GRANTED.
18 (2)  The temporary restraining order entered on January 28,
19      2011 (Doc. No. 17, 5:8-12) is MODIFIED as follows:
20      The Department is TEMPORARILY ENJOINED from taking any
21      further action to implement Section 14105.281 to the
22      California Welfare and Institutions Code and SHALL
23      REIMBURSE plaintiff's members at the unfrozen

---

[1] This court makes no judgment as to the proper scope of a preliminary injunction, if any, that may be entered in this case. Rather, the court's finding here is limited to the short term nature of the temporary restraining order.

3

1         reimbursement rate for dates of service on or after
2         January 28, 2011.
3    IT IS SO ORDERED.
4    DATED: February 4, 2011.

                                   _____
                                   LAWRENCE K. KARLTON
                                   SENIOR JUDGE
                                   UNITED STATES DISTRICT COURT